COURT OF APPEALS
DECISION
DATED AND FILED

**November 19, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2023AP1835**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018FA264

**IN COURT OF APPEALS
DISTRICT II**

IN RE THE MARRIAGE OF:

ALEXANDER T. HAWKINS,

  PETITIONER-RESPONDENT,

 V.

ANGELA M. WENDLING,

  RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Winnebago County: DANIEL J. BISSETT, Judge. *Affirmed.*

Before Neubauer, P.J., Gundrum, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Angela M. Wendling appeals the circuit court's order denying her motion to modify the parties' agreement, as set forth in their Marital Settlement Agreement (MSA), regarding custody and physical placement of their children.

¶2 Alexander T. Hawkins and Wendling were married in 2012 and had two children. The couple divorced in 2019, upon which they entered into the MSA, in which they stipulated to joint legal custody and shared physical placement of their children.

¶3 On December 3, 2021, Wendling filed a request seeking several accommodations during court hearings under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et. seq.*, many of which the circuit court granted on December 14, 2021.

¶4 This appeal originates from a March 21, 2023 hearing de novo, which the circuit court scheduled in response to Wendling's pro se motion filed on November 21, 2022, seeking revisions to the custody and physical placement agreement such that she be granted "temporary sole legal custody" for mental health treatment for the children and overnight Monday visits, which the family court commissioner denied on February 7, 2023. On March 1, 2023, Wendling filed a request for a hearing de novo. On March 17, 2023, Wendling requested the court reschedule the hearing de novo scheduled for March 21, 2023, because she had found an attorney willing to represent her but who was unavailable on that date. At the March 21, 2023 hearing, Wendling appeared without her attorney. She asked the court to adjourn until a later date, but the court declined because "respondent certainly has had sufficient opportunity to retain counsel" and stated that the court suffered from a backlog of cases due to back-to-back criminal trials.

The court noted that "[Wendling] was the one [who] filed the original action … in November of 2022. So, it's been months that the opportunity for counsel … has been available to [Wendling]." The hearing ensued, and Wendling called witnesses, including a psychologist as an expert witness, whom she questioned, and she herself testified. She also cross-examined Hawkins and made a closing argument. Wendling requested to bring her prepared notes to the stand during her testimony, and the court prohibited her from doing so, stating that it had to "respect the rules of evidence," but said she could use them, if needed, to refresh her recollection.

¶5 At the conclusion of the hearing, the circuit court noted that "the parties did enter into a pretty comprehensive [MSA]" where "[b]oth parties were represented by counsel [and t]here was a guardian ad litem … who also approved [the MSA]" and which was approved by the court. Citing WIS. STAT. §§ 767.41 and 767.451 (2023-24),[1] the statutes governing custody and physical placement of children and providing for revisions to such orders, the court noted that they do not provide for "temporary sole legal custody" as an option. It stated that it was unaware of case law that allows for such a revision. Thus, it denied Wendling's motion to grant her temporary sole legal custody.

¶6 Wendling makes the following claims: (1) the circuit court erred in denying her request that the hearing de novo be rescheduled; (2) the court erred in prohibiting Wendling from using prepared notes during her testimony; (3) the court erred in denying her motion for temporary sole legal custody of her children;

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

and (4) the court erred in denying her request for conversion of Monday night visits to overnight placement.

¶7 A circuit court's discretionary decisions regarding its scheduling decisions are reviewed under the erroneous exercise of discretion standard. *Estate of Kriefall v. Sizzler USA Franchise, Inc.*, 2011 WI App 101, ¶5, 335 Wis. 2d 151, 801 N.W.2d 781, *aff'd*, 2012 WI 70, ¶82, 342 Wis. 2d 29, 816 N.W.2d 853. "We will sustain a discretionary determination if the circuit court examined the relevant facts; applied a proper standard of law; and using a demonstrative rational process, reached a conclusion that a reasonable judge could reach." *Kriefall*, 335 Wis. 2d 151, ¶5 (citation omitted).

¶8 The circuit court did not err when it declined to reschedule the March 21, 2023 hearing de novo, because it examined the relevant facts, cited law, and used a rational process to come to its conclusion. In denying Wendling's request to reschedule the hearing, the court evaluated its ability to reschedule based on its calendar. It noted that it had back-to-back criminal trials that caused a backlog of cases, which meant there was no room to reschedule the hearing. It noted that the Wisconsin legislature imposed a 60-day time frame during which hearings de novo must occur.[2] It noted that the underlying reason for the hearing was Wendling's November 2022 motion and that she had many months to retain an attorney who could represent her at the scheduled hearing.

---

[2] "The court shall hold a hearing de novo no later than 60 days from the date of the filing of the motion under this section …." WIS. STAT. § 767.17(3). Wendling's reliance on *Jahimiak v. Jahimiak*, 2024 WI App 5, ¶2, 410 Wis. 2d 557, 2 N.W.3d 756, to argue that the circuit court could have scheduled the hearing de novo beyond the 60-day guideline is misplaced because the issue there was whether the court retained competency to hold the hearing de novo even after 60 days had passed since the filing of the motion requesting the hearing. *Id.*, ¶2.

¶9 Likewise, a circuit court's discretionary decisions on rulings on evidence are reviewed under the erroneous exercise of discretion standard. *Weborg v. Jenny*, 2012 WI 67, ¶41, 341 Wis. 2d 668, 816 N.W.2d 191. "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." *Id.* (citation omitted).

¶10 The circuit court did not err in prohibiting Wendling from bringing her prepared notes to the stand during her testimony at the hearing de novo. Under state statute, Wendling's prepared notes constitute hearsay, a statement other than that made during testimony offered in evidence to prove the truth of the matter asserted. *See* WIS. STAT. § 908.01(3). Hearsay is inadmissible in court except as otherwise provided by state law. WIS. STAT. § 908.02. The court did make an allowance for Wendling to use her prepared notes to refresh her recollection, an exception to the prohibition against hearsay, *see* WIS. STAT. § 908.03(5), although this circumstance did not come to pass during Wendling's testimony. Thus, the court applied applicable state law supported by the facts to reach its reasonable decision that Wendling could not bring her prepared notes to the stand during her testimony but could request to use them to refresh her recollection.

¶11 In support of her claims that the circuit court erred in failing to reschedule the hearing de novo and prohibiting her from bringing her prepared notes to the stand during her testimony, Wendling argues that the court violated her rights under the ADA,[3] which states, "no qualified individual with a disability

---

[3] Wendling also makes undeveloped claims of First Amendment and due process violations that are supported only by general statements. "We may decline to review issues inadequately briefed." *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "State courts are bound by the Federal [ADA]." *Strook v. Kedinger*, 2009 WI App 31, ¶15, 316 Wis. 2d 548, 766 N.W.2d 219. Title II of the ADA provides an "affirmative obligation to accommodate persons with disabilities in the administration of justice" to protect the qualified individual's "fundamental right of access to the courts[.]" *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004). Notably, this obligation does not require that a state "employ any and all means to make judicial services accessible to persons with disabilities" but rather "requires only 'reasonable modifications' that would not fundamentally alter the nature of the service provided[.]" *Id.* at 531-32 (quoting 42 U.S.C. § 12131(2)).

¶12     With respect to her request to reschedule the hearing, Wendling's argument under the ADA fails because the circuit court ensured that she had meaningful access to the court's activities at the March 21, 2023 hearing de novo. The court granted many of her accommodation requests on December 14, 2021, which remained in effect on March 21, 2023. For example, in granting accommodations, the court wrote that "[e]very effort will be made to schedule hearings in half day segments unless the administration of justice would require otherwise" and "[b]reaks will be granted as requested provided they do not unreasonabl[y] interfere with the flow of testimony before the court." As such, the March 21, 2023 hearing de novo was scheduled for a half-day, and the court allowed her a break when she requested one. Wendling had meaningful access to the court: she attended the hearing, called witnesses and questioned them, presented her own testimony, cross-examined Hawkins, and delivered a closing argument. Her request for rescheduling the hearing was related to her desire to

have her recently acquired attorney present, and she fails to explain how she was discriminated against under the ADA by the court's failure to accommodate her attorney's schedule. Thus, we conclude that the court did not err in exercising its discretion to deny Wendling's request to reschedule the hearing.

¶13     With respect to her request to bring her prepared notes to the stand during her testimony, Wendling's ADA argument likewise fails, as the circuit court was not bound to ignore the rules of evidence to make an accommodation for Wendling.[4]  "[A]n accommodation is unreasonable if it imposes significant financial or administrative costs, or it fundamentally alters the nature of the program or service." *A.H. by Holzmueller v. Illinois High Sch. Ass'n*, 881 F.3d 587, 594 (7th Cir. 2018).  Requiring the court to ignore the rules of evidence as an accommodation would be unreasonable because it would fundamentally alter the nature of the court's activities, which require the court to abide by the rules of evidence.  Wendling had meaningful access to the court: she was able to testify without reading from her notes, and notably, she did not invoke the need to use them to refresh her recollection.

¶14     Moving onto the substantive matters underlying Wendling's motion heard at the March 21, 2023 hearing de novo, the circuit court did not err in denying her motion for temporary sole legal custody.  "We review modification of a placement order to determine if the decision reflects a reasonable exercise of discretion." *Glidewell v. Glidewell*, 2015 WI App 64, ¶22, 364 Wis. 2d 588, 869 N.W.2d 796.  A court's discretionary acts are reasonable if it examines relevant

---

[4] Wendling also makes an undeveloped claim that her prepared notes were "akin to attorney work product," which we decline to review. *See Pettit*, 171 Wis. 2d at 646.

facts, applies the proper standard of law, and reaches a reasonable conclusion using a demonstrated rational process. *Id.* Notwithstanding Wendling's assertion to the contrary, the court applied the correct legal standard in denying her motion for temporary sole legal custody. The court relied on the statutes governing legal custody, physical placement, and revisions to these statutes, WIS. STAT. §§ 767.41 and 767.451, noting that it was not aware of any governing case law on this issue. It identified that the statutes do not provide for "temporary sole legal custody." It reasoned that there was no factual basis for the request for temporary sole legal custody for the purpose of mental health treatment for the children, as well. The court noted that while a psychologist testified that many children would benefit from mental health counseling, the psychologist had not met with Wendling and Hawkins' children and had not reviewed materials specific to their cases. Having established that the children have a pediatrician, the court reasoned that the children's physician could make appropriate referrals, but it would not order mental health treatment for the children. We conclude the court exercised its reasonable discretion in deciding against Wendling's motion for temporary sole legal custody.

¶15 Finally, the circuit court did not err in denying Wendling's request for conversion of Monday night visits to overnight placement. The March 21, 2023 hearing de novo does not substantively broach this matter.[5] Wendling did not elicit facts during the hearing in support of her request, and she made no legal

---

[5] Wendling makes brief mention of it during her testimony, and the court also makes brief mention that Wendling had requested in her motion an order to grant Monday visits be converted to overnight placement.

arguments.[6] "When a party does not raise an issue in the trial court, the party loses the right to raise that issue on appeal." *Cashin v. Cashin*, 2004 WI App 92, ¶26, 273 Wis. 2d 754, 681 N.W.2d 255.  Thus, we decline to review this issue.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] The circuit court did not provide an explanation for its denial of this request during its oral decision at the conclusion of the March 21, 2023 hearing de novo, nor did it provide one in its written order from that hearing, where it issued a blanket denial of Wendling's motion.